UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREN MILLER                                    CIVIL ACTION

VERSUS                                           NO. 08-5201

SHERIFF M. GUSMAN/OPSO                           SECTION "S"(3)


REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). The Court held a hearing pursuant to Spears v. McCotter[1] on February 13, 2009, with the plaintiff, Darren Miller, and counsel for the defendant participating by telephone.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the Spears hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. Spears, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991). The cassette tape of the hearing is being placed in the custody of the court recording unit along with a copy of this report.

[2] Rec. Doc. No. 8.

**I.   FACTUAL SUMMARY**

The plaintiff, Darren Miller, was incarcerated in the Orleans Parish Prison system at the time of the filing of this matter. He has since been released from prison.[3] Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, Miller filed this *pro se* and *in forma pauperis* complaint against the defendant, Orleans Parish Criminal Sheriff Marlin N. Gusman.

**A.   THE COMPLAINT**

Miller alleged in the complaint that he was sentenced to serve 90 days on a misdemeanor conviction. He claimed that he was supposed to receive "two for one" credit and be released after only 45 days in jail. He alleged that he was sent to a working dormitory at the Conchetta holding facility where he remained for the full 90 days. He seeks a "cash settlement" as compensation for the extra 45 days he remained incarcerated.

**B.   THE SPEARS HEARING**

At the Spears hearing, Miller testified that he was convicted of battery on June 6, 2008 in the Orleans Parish Magistrate's Court. He received a 90 day sentence which he began serving that day. He stated that he sued Sheriff Gusman because he is the supervisor over the jail and is responsible for the Conchetta "two for one" or good-time program. He also testified that he had no conversations or contact with Sheriff Gusman about his claims. He further stated that he did not file any claims in the state court system regarding his sentence.

**II.   STANDARDS OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison conditions, 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners

---

[3]Rec. Doc. No. 5.

proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these provisions, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

### III. CLAIMS AGAINST SHERIFF GUSMAN

Miller named Sheriff Gusman as the only defendant in this action because he was the supervisory official over the jail and its early-release program. This claim is frivolous and fails to state a claim for which relief can be granted under § 1983.

Section 1983 imposes liability on any person who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; see Will v. Michigan Dept. of State Police,

491 U.S. 58 (1989). Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to liability on a claim for damages under § 1983.

Therefore, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir. 1980). Section 1983 does not provide for a supervisory official, like Sheriff Gusman, to be held vicariously liable or liable under a theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. See Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1220 (5th Cir. 1979).

In this case, Miller claims that Sheriff Gusman is liable to him as the overseer of the jail and its programs. He concedes that he did not have any personal contact or communication with the Sheriff about the computation of his sentence.[4] Miller's claims against Sheriff Gusman are, therefore, based on a meritless legal theory and should be dismissed as frivolous, and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's § 1983 claims against the defendant, Sheriff Marlin N. Gusman, be dismissed with prejudice as frivolous, and otherwise

---

[4]Miller also did not file for relief in the state courts. The Louisiana courts have determined that requests related to sentence calculation and correction of sentence computation must be pursued as habeas corpus petitions as set forth in La. Rev. Stat. Ann. § 15:571.15. State v. Lewis, 519 So. 2d 152 (La. App. 1st Cir. 1987) (challenge to application of good time credits which would entitle inmate to release was habeas proceeding) (citing State ex rel. Bartie v. State, 501 So. 2d 260 (La. App. 1st Cir. 1986) (challenge to calculation of sentence against DOC was post-conviction in nature and fell under the post-conviction statute governed by La. Rev. Stat. Ann. § 15:571.15)).

for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 27th day of March, 2009.

                                   **DANIEL E. KNOWLES, III**
                                **UNITED STATES MAGISTRATE JUDGE**